UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERVIN R. HALL,

    Petitioner,

    v.

SUPERINTENDENT,

    Respondent.

Case No. 3:17-CV-425-JD-MGG

OPINION AND ORDER

Ervin R. Hall, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge the revocation of his parole by the Indiana Parole Board during a hearing on January 11, 2016. ECF 1 at 1. However, before a petitioner can challenge a State proceeding in a federal habeas corpus petition, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Thus, this court may only review Hall's parole revocation if he has exhausted his State court remedies.

Here, Hall filed a writ of habeas corpus in the State trial court and appealed its denial to the Court of Appeals of Indiana. ECF 1 at 2. However, he did not file a petition to transfer to the Indiana Supreme Court. *Id*. Moreover, his time to do so has expired. Ind. R. App. P. 57(C) ("[a] Petition to Transfer shall be filed: (1) no later than thirty (30) days after the adverse decision if rehearing was not sought; or (2) if rehearing was sought, no later than thirty (30) days after the Court of Appeals' disposition of the Petition for Rehearing"). The Court of Appeals of Indiana denied his habeas corpus appeal on February 18, 2016. ECF 1 at 2. Hall does not assert that he

sought a rehearing in the Court of Appeals. Hall thus had until March 21, 2016 to seek a transfer to the Indiana Supreme Court. *See* Indiana Rules of Appellate Procedure 9, 25(A). Because it is too late to do so, his claims are procedurally defaulted and this habeas corpus petition must be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is procedurally defaulted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the court **DISMISSES** this case pursuant to Section 2254 Habeas Corpus Rule 4 because all of the claims are procedurally defaulted; **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the clerk to close this case.

SO ORDERED.

ENTERED: July 6, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court